UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Lisa Murphy, Individually as Mother
and Next Friend of D.B.[1]
103 Park Street, Apt. 1
Northfield, NH  03276

       Plaintiff

vs.    CIVIL NO. 1:06-cv-459-JM

United States of America

and

Franklin Regional Hospital
15 Aiken Avenue
Franklin, NH 03235

       Defendants

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**COMPLAINT**

JURISDICTION

1.  Jurisdiction is based on 28 U.S.C. §1346(b), the Federal Tort Claims Act, 28 U.S.C. §2671, et seq., and 28 U.S.C. §1367.

FACTS

2.  Lisa Murphy was admitted to Franklin Regional Hospital at 10:30 a.m. on October 28, 2005 for management of her labor and the delivery of her son.

---

[1] The minor child is referred to by his initials only in accordance with Local Rule 8.1(a)(2).

3.  During her admission at Franklin Regional Hospital, Ms. Murphy was under the care of Caitlin O'Donnell, MD, a family practice physician employed by Health First Family Care Center.

4.  In the course of her management of Ms. Murphy's labor and the delivery of D.B., Dr. O'Donnell failed to properly assess, evaluate and manage Lisa Murphy, and her unborn infant son, D.B.; failed to appropriately manage the administration of Pitocin; failed to recognize and respond to evidence of maternal and fetal stress; failed to recognize the extent and degree of risk present to mother and fetus; failed to timely deliver D.B.; and failed to timely request the presence of a pediatrician or other medical assistance at delivery.

5.  In addition, the nursing staff at Franklin Regional Hospital failed to recognize the extent and degree of risk present to Ms. Murphy and her unborn son, failed to recognize and act upon the presenting signs of maternal and fetal stress, failed to appropriately manage the administration of Pitocin, failed to advocate for and ensure the timely delivery of D.B., and otherwise failed to exercise due care to ensure the physical well-being of Ms. Murphy and D.B. during the delivery process.

6.  As a result of Dr. O'Donnell's negligence and the negligence of the Franklin Regional Hospital nursing staff, D.B. suffered hypoxic-ischemic encephalopathy and other injuries and impairments and Lisa Murphy suffered severe physical pain and emotional distress and she has incurred and will continue to incur medical expenses for herself and for her son.

7.  The plaintiffs learned that Dr. O'Donnell and Health First Family Care Center qualified for coverage under the Federally Supported Health Centers Assistance Act. Accordingly, Ms. Murphy, individually and on D.B.'s behalf, filed SF-95 claim forms with the

Department of Health and Human Services. In a letter dated May 16, 2006, the Department acknowledged receipt of the claim forms on May 15, 2006. To date, the Department has taken no action to resolve this case.

## COUNT I
### (D.B.'s Medical Negligence Claim Against United States)

8. The plaintiffs hereby incorporate by reference each allegation contained in paragraphs 1 through 7.

9. The defendant, United States of America, acting by and through its agent, Caitlin O'Donnell, M.D., had a duty to possess the degree of knowledge or skill possessed by, and the degree of care ordinarily exercised by, a reasonably skillful, careful, and prudent health care practitioner engaged in a similar practice under the same or similar circumstances.

10. The defendant's agent, Dr. O'Donnell, either lacked the requisite degree of knowledge or skill, or failed to exercise that degree of care, in the course of his treatment of Lisa Murphy and her unborn son, D.B. Dr. O'Donnell's failure to meet the standard of care includes, but it not limited to, her failure to properly assess, evaluate and manage Lisa Murphy, and her unborn infant son, D.B.; her failure to appropriately manage the administration of Pitocin; her failure to recognize and respond to evidence of maternal and fetal stress, her failure to recognize the extent and degree of risk present to mother and fetus; her failure to timely deliver D.B.; her failure to timely request the presence of a pediatrician or other medical assistance at delivery; her failure to request an obstetrical consult or other medical assistance; and her failure to otherwise appropriately manage the pregnancy, labor and delivery.

11. As a direct and proximate result of Dr. O'Donnell's failure to meet the standard of care, D.B. suffered devastating injuries, including irreversible brain damage, hypoxic-ischemic encephalopathy, and other injuries and permanent impairments.

12. As an additional result of Dr. O'Donnell's negligence, D.B. has suffered and will continue to experience physical pain, emotional distress, permanent impairment, and loss of enjoyment of life.  He will also incur medical expenses and other extraordinary costs and will suffer a diminution in his earning capacity.

13. Wherefore, D.B. demands judgment against the defendant, United States of America, in the sum of $25,000,000.00 (twenty-five million dollars), plus interest and costs.

**COUNT II**
**(D.B.'s Medical Negligence Claim Against Franklin Regional Hospital)**

14. The plaintiffs hereby incorporate by reference each allegation contained in paragraphs 1 through 13.

15. The defendant, Franklin Regional Hospital, acting by and through its agents and employees, had a duty to possess the degree of knowledge or skill possessed by, and the degree of care ordinarily exercised by, a reasonably skillful, careful, and prudent health care practitioner engaged in a similar practice under the same or similar circumstances.

16. Franklin Regional Hospital's nursing staff either lacked the requisite degree of knowledge or skill, or failed to exercise that degree of care, in the course of its treatment of Lisa Murphy and her unborn son, D.B.  The nursing staff's failure to meet the standard of care includes, but it not limited to, its failure to recognize the extent and degree of risk present to Ms. Murphy and D.B., its failure to recognize and act upon the presenting signs of maternal and fetal

stress, its failure to appropriately manage the administration of Pitocin, its failure to advocate for and ensure the timely delivery of D.B., and its failure to otherwise exercise due care to ensure the physical well-being of Lisa Murphy and D.B. during the delivery process.

17. As a direct and proximate result of the nursing staff's failure to meet the standard of care, D.B. suffered devastating injuries, including irreversible brain damage, hypoxic-ischemic encephalopathy, and other injuries and permanent impairments.

18. As an additional result of the nursing staff's negligence, D.B. has suffered and will continue to experience physical pain, emotional distress, permanent impairment, and loss of enjoyment of life. He will also incur medical expenses and other extraordinary costs and will suffer a diminution in his earning capacity.

19. Wherefore, D.B. demands judgment against the defendant, Franklin Regional Hospital, in the sum of $25,000,000.00 (twenty-five million dollars), plus interest and costs.

## COUNT III
### (D.B.'s Negligent Hiring and Supervision Claim Against United States)

20. The plaintiffs hereby incorporate by reference each allegation contained in paragraphs 1 through 19.

21. The defendant, United States of America, acting by and through its agent, Health First Family Care Center, had a duty to exercise reasonable care to ensure that the physicians who were permitted to attend patients and perform deliveries were qualified, competent, properly trained, and properly supervised.

22. Health First Family Care breached this duty by permitting Dr. O'Donnell to attend patients such as Lisa Murphy and her unborn son, D.B., when it knew or should have known that Dr. O'Donnell was not competent to do so and when it failed to provide Dr. O'Donnell with

5

adequate training and supervision to safely attend such patients.

23. As a direct and proximate result of Health First's breach of duty, Dr. O'Donnell was permitted to manage Lisa Murphy's labor and the delivery of her son, D.B., and D.B. suffered devastating injuries, including irreversible brain damage, hypoxic-ischemic encephalopathy, and other injuries and permanent impairments.

24. As an additional result of Health First's negligence, D.B. has suffered and will continue to experience physical pain, emotional distress, permanent impairment, and loss of enjoyment of life. He will also incur medical expenses and other extraordinary costs and will suffer a diminution in his earning capacity.

25. Wherefore, D.B. demands judgment against the defendant, United States of America, in the sum of $25,000,000.00 (twenty-five million dollars), plus interest and costs.

## COUNT IV
### (D.B.'s Negligent Credentialing Claim Against Franklin Regional Hospital)

26. The plaintiffs hereby incorporate by reference each allegation contained in paragraphs 1 through 25.

27. The defendant, Franklin Regional Hospital, had a duty to exercise reasonable care to ensure that the physicians who were permitted to attend patients and perform deliveries in its facility were qualified, competent, properly trained, and properly supervised.

28. Franklin Regional Hospital breached this duty by permitting Dr. O'Donnell to attend patients such as Lisa Murphy and her unborn son, D.B., when it knew or should have known that Dr. O'Donnell was incompetent to do so and when it failed to provide Dr. O'Donnell with adequate training and supervision to safely attend such patients.

29.     As a direct and proximate result of Franklin Regional Hospital's breach of duty, Dr. O'Donnell was permitted to manage Lisa Murphy's labor and the delivery of her son, D.B., and D.B. suffered devastating injuries, including irreversible brain damage, hypoxic-ischemic encephalopathy, and other injuries and permanent impairments.

30.     As an additional result of Health First's negligence, D.B. has suffered and will continue to experience physical pain, emotional distress, permanent impairment, and loss of enjoyment of life. He will also incur medical expenses and other extraordinary costs and will suffer a diminution in his earning capacity.

31.     Wherefore, D.B. demands judgment against the defendant, Franklin Regional Hospital, in the sum of $25,000,000.00 (twenty-five million dollars), plus interest and costs.

## COUNT V
**(Lisa Murphy's Claims Against All Defendants)**

32.     The plaintiffs hereby incorporate by reference each allegation contained in paragraphs 1 through 31.

33.     As a direct and proximate result of the defendants' negligence as set forth above, Lisa Murphy contemporaneously perceived her son's injuries and suffering and she has experienced and will continue to experience severe emotional distress manifested by physical symptoms.

34.     As a further result of the defendants' negligence, Lisa Murphy has incurred and will continue to incur medical expenses and extraordinary costs on behalf of herself and D.B.

35.     Wherefore, the plaintiffs demand judgment against the defendants, United States of America and Franklin Regional Hospital, in the sum of $20,000,000.00 (twenty million

dollars), plus interest and costs.

                                      Respectfully Submitted,

                                      Lisa Murphy, Individually and as Mother and Next Friend of D.B.

                                      By Their Attorneys,

                                      ABRAMSON, BROWN & DUGAN

DATED: December 6, 2006           By:    /s/ Kevin F. Dugan
                                                    Kevin F. Dugan, Esquire (NH Bar 8535)
                                                    1819 Elm Street
                                                    Manchester, NH  03104
                                                    (603) 647-0300
                                                    kdugan@arbd.com