**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Lisa Murphy, Individually
and as Mother and Next
Friend of D.B.

   v.                                            Civil No. 06-cv-459-JD

United States of America
Franklin Regional Hospital

**O R D E R**

Plaintiff moves to compel the quality assurance record relating to the delivery of her child in November of 2005. Defendants object on the basis that N.H. RSA 151:13-a applies in this Federal Tort Claim Act suit and, alternatively, that the federal common law includes a peer review privilege.

Discussion

Franklin Regional Hospital is a federally supported health center, which under 42 U.S.C. §233, essentially has as its medical malpractice insurer the United States. The Federal Tort Claims Act is the exclusive remedy for alleged medical negligence. Since state law does not provide the rule of decision in federal litigation, the federal law of privileges applies. Fed. R. Evid. 501.

In <u>Jaffee v. Redmond</u>, 518 U.S. 1, 9-12 (1996) the Court identified three factors that a court should consider in determining whether federal common law recognizes a privilege. The first is whether recognition "serves important private interests . . . (and) public ends." <u>Id</u>. at 11.  Second is whether an evidentiary benefit results from disclosure if the privilege is denied. <u>Id</u>. at 11-12.  Third is the views of the states. <u>Id</u>. at 12.

In an earlier case, the First Circuit directed courts to determine the federal common law of privilege using the following:

- whether the original communications were understood to be confidential and not to be disclosed;
- whether that element of confidentiality was essential to the continued relation between the parties to the communication;
- whether the relationship between the parties is vital, such that it should be "sedulously fostered," and
- whether the injury resulting from disclosure would be greater than the "benefit thereby gained for the correct disposal of litigation."

In re: Hampers, 651 F.2d 19 (1st Cir. 1981), quoting ACLU of Miss., Inc. v. Finch, 638 F.2d 1336, 1343 (5th Cir. 1981).

Since it is consistent with Jaffee, the Hampers test remains good law.  See In re: Admin. Subpoena Blue Cross Blue Shield of Mass., Inc., 400 F.Supp. 2d 386, 391 (D. Mass. 2005); Smith v. Alice Peck Day Memorial Hospital, 148 F.R.D. 51, 53-56 (D.N.H. 1993).

New Hampshire has adopted a quality assurance review privilege.  N.H. RSA 151:13-a.  The New Hampshire Supreme Court found that:

> The reason for seeking enactment of § 13-a, and its counterparts in other jurisdictions, was the natural reluctance of hospital employees and staff members to engage in such evaluation after the fact, by furnishing information and voicing critical judgments, if in so doing they would also be compiling a fund of material discoverable by adverse parties in any subsequent litigation against the hospital.

In re: K, 132 N.H. 4, 10 (1989).  Clearly, here the communications were believed to be confidential.  The state has balanced the benefit gained of decreasing the likelihood of future medical negligence against the evidentiary value.  The confidentiality is essential to participation in the review with candor.  Denying confidentiality to quality assurance reviews

would so diminish participation of physicians and hospital employees that the privilege must be viewed as vital.  The privilege serves important private and public interests.

    Applying <u>Jaffee</u> and <u>Hampers</u> factors, I find that there is a federal quality assurance review privilege and I decline to follow <u>Tucker v. U.S.</u>, 143 F.Supp. 2d 619 (S.D. W.Va. 2001) since I conclude that the court incorrectly looked to Congress' action as to the Health Care Quality Improvement Act, 42 U.S.C. §111001, <u>et</u>. <u>seq</u>. to determine that Congress intended no quality assurance review privileged in F.T.C.A. cases.

    The motion (Document no. 8) is denied.

**SO ORDERED.**

                        /s/ James R. Muirhead
                        James R. Muirhead
                        United States Magistrate Judge

Date:   June 25, 2008

cc:     Kevin F. Dugan, Esq.
        Jared R. Green, Esq.
        Gretchen Leah Witt, Esq.
        T. David Plourde, Esq.
        Ronald J. Lajoie, Esq.
        Mary E. Schwarzer, Esq.