U.S. DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

SEP 12 2008

FILED

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

LISA MURPHY, Individually and as Mother )
and Next Friend of D.B., )
)
Plaintiffs, )
)
v. ) Civil No. 06-459-JD
)
UNITED STATES OF AMERICA and )
FRANKLIN REGIONAL HOSPITAL, )
)
Defendants. )

## ORDER APPROVING SETTLEMENT BETWEEN UNITED STATES AND PLAINTIFF ON BEHALF OF MINOR

On this 12th day of September, 2008, the above-referenced matter came on for decision and approval by the Court as to the reasonableness of a settlement between the United States of America and D.B., a minor. A proposed settlement between Franklin Regional Hospital and D.B. is addressed in a separate Order. Plaintiff D.B., a minor, agrees to this settlement through his counsel of record, his natural guardian of the person, Lisa Murphy, and the guardian of his estate, the Office of Public Guardian. Plaintiff Lisa Murphy, a parent of D.B., agrees to this settlement individually and through counsel of record. Defendant United States of America assented to Plaintiffs' motion for this Court's approval and the form and content of this Order through its counsel of record. The New Hampshire Department of Health and Human Services, Third Party Liability Unit, assented to Plaintiffs' motion and the form and content of this Order through its counsel of record.

The complete and precise terms and conditions of the settlement between the United States and D.B. are set forth in the Stipulation For Compromise Settlement And Release Of

Federal Tort Claims Act Claims Pursuant To 28 U.S.C. § 2677 (hereafter "Stipulation") and the Irrevocable Reversionary Inter Vivos Grantor Medical Care Trust For The Benefit of D.B. (hereafter "Reversionary Trust"), attached as Exhibits "A" and "B" to this Order. The Court has reviewed the Stipulation and the Reversionary Trust, and heard any needed arguments in favor of this settlement. The Court is fully informed of the specifics of the full and final terms and conditions of the settlement, including the necessity of the approval by the Attorney General of the United States and the availability of sufficient funds in the account established pursuant to 42 U.S.C. § 233(k) to pay the settlement in its entirety.

The Court further finds that, under the law of New Hampshire, the appointment of a Guardian ad Litem is not necessary, but the Office of Public Guardian has been appointed guardian of the estate of D.B. as required by N.H. Rev. Stat. Ann. 464-A:42.

The Court specifically recognizes that this is a settlement between the United States and the plaintiff D.B. and that the settlement includes the purchase of annuities by the United States, pursuant to the terms and conditions of the Stipulation. The Court finds that, because the information available about the proposed settlement is sufficient to permit the Court to assess the reasonableness of the settlement with the United States, certain terms of Local Rule 17.1 need not be met. Specifically, pursuant to the authority granted by Superior Court Rule 111(k)(3), as adopted by this Court, the Court finds that the precise terms of Superior Court Rule 111(K)(1), 111(K)(2)(a)-(c) and 111(K)(2)(f)-(g) need not be complied with. The Court finds that the terms and conditions of this settlement, as set forth in the Stipulation and Reversionary Trust, are fair, reasonable, and in the best interests of D.B., the minor plaintiff. Therefore, the Court finds good

2

cause to approve the settlement despite the non-compliance with some of the precise terms of Local Rule 17.1 and Superior Court Rule 111.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the settlement, as set forth in Exhibits A and B, is hereby approved. It is further Ordered that Lisa Murphy, as parent and guardian of the person of D.B., a minor, is authorized and required to sign the Stipulation, the Reversionary Trust, and any other documents that are necessary to consummate this settlement, and to provide any information and documentation necessary to complete the purchase of annuity contracts and the establishment of the Reversionary Trust, on behalf of D.B., a minor. The Office of the Public Guardian, as the duly-appointed guardian of the estate of D.B., is similarly authorized and required to sign the Stipulation, the Reversionary Trust, and any other documents that are necessary to consummate this settlement, and to provide any information and documentation necessary to complete the purchase of annuity contracts and the establishment of the Reversionary Trust, on behalf of D.B., a minor.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the settlement amount of Three Million Five Hundred Thousand Dollars ($3,500,000.00) (hereinafter "Settlement Amount") shall be distributed according to the terms and conditions of the Stipulation. With respect to the settlement check that will be made payable to the named Plaintiffs pursuant to Paragraph 3.a.i. of the Stipulation, the Court hereby Orders the Plaintiffs to endorse that check over to their attorneys to be deposited by the attorneys into their client trust account to be used to pay the attorneys' fees, costs, and expenses herein approved and to pay any lien or claim for reimbursement including, but not limited to payment, to the State of New Hampshire, care of DHHS-TPL, in the amount of $170,610 to discharge the Medicaid lien for incident-related

3

medical expenses provided, billed and paid for from the date of incident, i.e. minor's birthday, through June 23, 2008.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that attorneys' fees in this action shall be twenty-five percent (25%) of the settlement amount and shall be paid as provided in the Stipulation. The Court finds that the costs and expenses associated with the litigation are $101,187.78 and that such costs and expenses are fair, reasonable, and necessary. The plaintiffs have attributed 95%, or $95,178.39, of such costs to the litigation with the United States, with the remainder to be paid through the settlement between the plaintiffs and FRH, as set forth in the separately-filed Assented-to Motion for Approval of Minor's Settlement with Franklin Regional Hospital. It is hereby Ordered that such costs and expenses are approved and are to be paid as provided in the Stipulation. The Court finds that Plaintiffs are legally responsible for any and all past, present, and future liens or claims for payment or reimbursement, including any liens or claims for payment or reimbursement by Medicaid, Medicare, or healthcare providers. The Court hereby Orders the plaintiffs, by and through their attorneys, to satisfy or resolve any and all such past, present, and future liens or claims for payment or reimbursement asserted by any individual or entity, including Medicaid and Medicare. The Court further Orders that plaintiffs and their attorneys shall provide to the United States the information required by the Stipulation regarding the satisfaction or resolution of such liens or claims for payment or reimbursement within the time specified in said Stipulation. Plaintiffs, through their lawyers, have represented to this Court that, apart from the Medicaid lien held by the New Hampshire Department of Health and Human Services Third Party Liability Unit (DHHS-TPL), and after exercising due

4

diligence, they have not been able to identify any other potential liens or claims held by the State of New Hampshire or its offices, subdivisions, or employees.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Reversionary Trust established by the United States and the annuity contracts purchased and owned by the United States as part of this settlement are assets of the United States, and that no State, including the State of New Hampshire through the DHHS-TPL, shall have any past, present, or future interest or right in that Reversionary Trust and annuity contracts or in the remainder of either that Reversionary Trust and annuity contracts. The DHHS-TPL has agreed to sign, and shall sign, the waiver and release document, attached as Exhibit C, that the United States has required the plaintiffs to obtain as part of the settlement.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that plaintiffs, upon final execution of the Stipulation and the Reversionary Trust and within five (5) business days after plaintiffs receive the settlement check as provided in Paragraph 3.a.i. of the Stipulation, shall file with the Court a stipulated dismissal of this action, with prejudice, with each party to the action bearing its own fees, costs, and expenses.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Court will not retain jurisdiction over the action against the United States or the settlement.

*Joseph A. DiClerico, Jr.*
UNITED STATES DISTRICT JUDGE

Dated this 12th day of September, 2008

5