UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


<u>Lisa Murphy, Individually
and as Mother and Next Friend
of D.B.</u>

    v.                                      Civil No. 06-cv-459-JD

<u>Franklin Regional Hospital and
the United States of America</u>


<u>O R D E R</u>

After her son was born with serious injuries and impairments, Lisa Murphy brought medical malpractice claims against Franklin Regional Hospital and Tort Claims Act claims against the United States, which was involved under the Federally Supported Health Centers Assistance Act. The United States moved to compel Murphy to provide discovery about her receipt of Medicaid benefits. Murphy objected to the motion, and the New Hampshire Department of Health and Human Services ("NH HHS") also filed an objection. The government moved to strike NH HHS's objection, and NH HHS moved to intervene in the action.

While those motions were pending and discovery was ongoing, the parties filed an assented-to motion to stay the proceedings because they had reached a settlement. The motion to stay was granted on June 26, 2008. NH HHS participated in the settlement process. On August 19, 2008, the parties filed an assented-to

motion for approval of the settlement.  An in-chambers conference was held on September 12, 2008, which included counsel for NH HHS.  The court granted the motion for approval of the settlement the same day.  The settlement with Franklin Regional Hospital was completed by September 25, 2008, but the settlement with the United States required the approval of the Department of Justice.

Before the settlement with the United States was finalized, on October 17, 2008, Murphy filed a suggestion of death to notify the court that D.B. had died on October 15 and that she intended to substitute D.B.'s estate as a plaintiff in the case, once an estate was opened.  Murphy also filed an assented-to motion to dismiss the claims against Franklin Regional Hospital, with prejudice, under Federal Rule of Civil Procedure 41(a)(2).  The motion to dismiss the claims against Franklin Regional Hospital was granted on October 20, 2008.

NH HHS now moves for reconsideration of the order granting dismissal of the claims against Franklin Regional Hospital.[1]  The motion is titled:  "Department of Health and Human Services, Office of Operation Support's Limited Motion to Reconsider."  In

---

[1] In the motion, NH HHS refers to "the Order dated September 23, 2008." No order issued on September 23, 2008. Because NH HHS's motion appears to address the order granting the parties' motion to dismiss, the court assumes that NH HHS meant to refer to the order issued on October 20, 2008.

the motion, NH HHS asks the court to grant its stayed motion to intervene in the action and that "the remaining monies being held by Plaintiff's Counsel be held pending the resolution of all pending matters." Murphy and the United States object to the motion. As the objections point out, NH HHS's motion is fraught with mistakes.

Because NH HHS is not a party, it lacks standing to file a motion to reconsider an order issued in this case. The stay first must be lifted as to NH HHS's motion to intervene. The parties would then have the opportunity to respond to that motion. Although NH HHS raised the issue of its motion to intervene in the present motion, under the local rules of this district, separate motions must be filed when the filer is seeking separate and distinct relief. LR 7.1(a).

In addition, plaintiff's counsel represents that counsel for NH HHS failed to contact him before filing the motion for reconsideration, as is required under Local Rule 7.1(c). Plaintiff's counsel states that the motion is unnecessary because he was working with NH HHS's counsel to resolve the issue of protecting NH HHS's claim for Medicaid reimbursement. The United States in turn points out that the premise of NH HHS's motion is wrong, because whether Franklin Regional Hospital is a party or not will not protect NH HHS's claim for Medicaid reimbursement,

3

and that NH HHS misunderstands the settlement reached by the parties in this case.

## Conclusion

For the foregoing reasons, the motion for reconsideration (document no. 53) is denied.  Counsel for NH HHS shall communicate with plaintiff's counsel and with counsel for the United States to attempt to resolve the issues raised in this motion before seeking further assistance from the court.

SO ORDERED.

_/s/ Joseph A. DiClerico, Jr._
Joseph A. DiClerico, Jr.
United States District Judge

November 20, 2008

cc:  Kevin F. Dugan, Esquire
     Jared R. Green, Esquire
     Jennifer R. Jones, Esquire
     Ronald J. Lajoie, Esquire
     T. David Plourde, Esquire
     Gretchen Leah Witt, Esquire

4