UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

* * * * * * * * * * * * * * * * * * * * * * *
\*
John MacIntosh, Administrator of the  \*
Estate of D.B. and Lisa Murphy  \*
\*
        Plaintiffs  \*
\*
vs.  \*  CIVIL NO. 06-CV-459-JD
\*
United States of America  \*
\*
* * * * * * * * * * * * * * * * * * * * * * *

## PLAINTIFFS' FIRST AMENDED COMPLAINT

### JURISDICTION

1.    Jurisdiction is based on 28 U.S.C. §1346(b), the Federal Tort Claims Act, 28 U.S.C. §2671, et seq., and 28 U.S.C. §1367.

### FACTS

2.    Lisa Murphy was admitted to Franklin Regional Hospital at 10:30 a.m. on October 28, 2005 for management of her labor and the delivery of her son.

3.    During her admission at Franklin Regional Hospital, Ms. Murphy was under the care of Caitlin O'Donnell, MD, a family practice physician employed by Health First Family Care Center.

4.    In the course of her management of Ms. Murphy's labor and the delivery of D.B., Dr. O'Donnell failed to properly assess, evaluate and manage Lisa Murphy, and her unborn infant son, D.B.; failed to appropriately manage the administration of Pitocin; failed to recognize

and respond to evidence of maternal and fetal stress; failed to recognize the extent and degree of risk present to mother and fetus; failed to timely deliver D.B.; and failed to timely request the presence of a pediatrician or other medical assistance at delivery.

5.   As a result of Dr. O'Donnell's negligence, D.B. suffered hypoxic-ischemic encephalopathy and other injuries and impairments ultimately leading to his death and Lisa Murphy suffered severe physical pain and emotional distress, she incurred medical expenses for herself and for her son, and she incurred funeral expenses for her son.

6.   The plaintiffs learned that Dr. O'Donnell and Health First Family Care Center qualified for coverage under the Federally Supported Health Centers Assistance Act. Accordingly, Ms. Murphy, individually and on D.B.'s behalf, filed SF-95 claim forms with the Department of Health and Human Services. In a letter dated May 16, 2006, the Department acknowledged receipt of the claim forms on May 15, 2006.

7.   D.B. passed away on October 15, 2008.

8.   On December 15, 2008, attorney John MacIntosh was appointed administrator of D.B.'s estate by the Merrimack County Probate Court.

## COUNT I
### (Estate's Medical Negligence Claim Against United States)

9.   The plaintiffs hereby incorporate by reference each allegation contained in paragraphs 1 through 8.

10   The defendant, United States of America, acting by and through its agent, Caitlin O'Donnell, M.D., had a duty to possess the degree of knowledge or skill possessed by, and the degree of care ordinarily exercised by, a reasonably skillful, careful, and prudent health care

practitioner engaged in a similar practice under the same or similar circumstances.

11.     The defendant's agent, Dr. O'Donnell, either lacked the requisite degree of knowledge or skill, or failed to exercise that degree of care, in the course of his treatment of Lisa Murphy and her unborn son, D.B.  Dr. O'Donnell's failure to meet the standard of care includes, but it not limited to, her failure to properly assess, evaluate and manage Lisa Murphy, and her unborn infant son, D.B.; her failure to appropriately manage the administration of Pitocin; her failure to recognize and respond to evidence of maternal and fetal stress, her failure to recognize the extent and degree of risk present to mother and fetus; her failure to timely deliver D.B.; her failure to timely request the presence of a pediatrician or other medical assistance at delivery; her failure to request an obstetrical consult or other medical assistance; and her failure to otherwise appropriately manage the pregnancy, labor and delivery.

12.     As a direct and proximate result of Dr. O'Donnell's failure to meet the standard of care, D.B. suffered devastating injuries, including irreversible brain damage, hypoxic-ischemic encephalopathy, and other injuries and permanent impairments, which ultimately led to his premature death.

13.     As an additional result of Dr. O'Donnell's negligence, prior to his death D.B. suffered physical pain, emotional distress, and loss of enjoyment of life.  He and his mother also incurred medical expenses and associated costs.  As a result of his premature death, D.B. was deprived of the enjoyment of the remainder of his life and his estate has lost his earning capacity and incurred funeral expenses and costs of administration.

14. Wherefore, John MacIntosh, Administrator of the Estate of D.B. demands judgment against the defendant, United States of America, in the sum of $25,000,000.00 (twenty-five million dollars), plus interest and costs.

## COUNT II
### (Lisa Murphy's Claims Against United States)

15. The plaintiffs hereby incorporate by reference each allegation contained in paragraphs 1 through 14.

16. As a direct and proximate result of the defendant's negligence as set forth above, Lisa Murphy contemporaneously perceived her son's injuries and suffering and she has experienced and will continue to experience severe emotional distress manifested by physical symptoms.

17. As a further result of the defendant's negligence, Lisa Murphy incurred medical expenses and extraordinary costs on behalf of herself and D.B.

18. As a result of D.B.'s premature death, Lisa Murphy has suffered a loss of familial relationship.

19. Wherefore, Lisa Murphy demands judgment against the defendant, United States of America, in the sum of $20,000,000.00 (twenty million dollars), plus interest and costs.

Respectfully Submitted,

John MacIntosh, Administrator of the Estate of D.B. and Lisa Murphy

By Their Attorneys,

ABRAMSON, BROWN & DUGAN

DATED: January 13, 2009              By:      /s/ Jared R. Green
                                             Jared R. Green, Esquire (NH Bar 10000)
                                             1819 Elm Street
                                             Manchester, NH  03104
                                             (603) 647-0300
                                             jgreen@arbd.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this date a copy of the foregoing was sent via the Court's electronic filing transmission facilities to:

Gretchen Leah Witt, Esquire
Assistant U.S. Attorney
Chief, Civil Division
NH Bar No. 2775
53 Pleasant Street
Concord, NH 03301
(603) 225-1552
gretchen.witt@usdoj.gov

and

Jennifer R. Jones, Esquire
Office of Medicaid Business and Policy
NH Department of Health and Human Services
129 Pleasant Street, Brown Building
Concord, NH 03301-3857
(603) 271-4995
Jennifer.R.Jones@dhhs.state.nh.us

                                                 /s/ Jared R. Green
                                             Jared R. Green, Esquire (#10000)